No. 38,667

ALBERT CHANEY and RALPH CHANEY, a Co-partnership doing business as The Western Fence Company, 2220 East Central Avenue, Wichita, Kansas, *Appellants*, v. E. C. LEFFINGWELL, Moline, Kansas, *Appellee.*

(245 P. 2d 180)

Opinion filed June 7, 1952.

*W. Jay Esco,* of Wichita, argued the cause and *Lloyd F. Cooper,* of Wichita, and *Hubert Horning,* of Howard, were with him on the briefs for the appellants.

*Otto R. Souders,* of Wichita, and *Laurence M. Turner,* of Moline, argued the cause, and *Clyde E. Souders* and *Robert W. Souders,* both of Wichita, were with them on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action upon an open account for labor performed and merchandise furnished. Judgment was for the defendant on his cross petition. Plaintiffs have appealed.

The amended petition, upon which the case was tried, alleged the making of an oral contract, whereby the plaintiffs agreed to furnish labor and material to build a fence on defendant's farm. The petition alleged the wages defendant agreed to pay and the prices defendant agreed to pay for certain items and that defendant agreed to pay plaintiffs the actual cost of the labor and material plus fifteen percent of the materials itemized in an attached exhibit, except for certain items.

Exhibit "A" attached was a running account from July, 1949, giving prices of merchandise and hours of labor to October 4, 1949,

in the amount of $5,398.92, showed payments in the amount of $4,500, leaving a balance of $898.92. Judgment was prayed for that amount.

The defendant's answer was first a general denial of every allegation except that the basis of the work was to be cost plus fifteen percent. The charges stated for time of laborers were specifically denied. The answer further stated that the charges for labor set up in the account were false; that plaintiffs had refused to permit the defendant to have access to their books and concealed from defendant information upon which he had a right to rely in preparing his defense. The answer alleged that by the contract between plaintiffs and defendant the fence was to be built in a workmanlike manner; that the fence posts were to be seven and one-half feet in height with twenty-six inches of the posts below the ground set in cement; details as to the fence were pleaded in the answer; that from time to time plaintiffs furnished statements to the defendant for the amount clamed to be due and defendant paid the statements upon submission but the plaintiffs fraudulently concealed from the defendant the actual sums paid to the laborers employed by plaintiffs and by means of the fraudulent statements secured from the defendant more than should have been paid under the terms of the contract.

The answer alleged that after the payments were made by defendant to the plaintiffs defendant discovered that the fence was not constructed in the manner agreed upon and the posts were not set in the proper amount of cement and the bottoms of the posts were cut off as much as one inch to eighteen inches; that the fence was not built in a workmanlike manner and plaintiffs were not entitled to recover and defendant was entitled to recover for damage done, as set forth in his cross petition.

The cross petition made the answer a part; set out the contract; the performance of labor and furnishing of materials by plaintiffs; but that the work was not done in a workmanlike manner; post holes were not dug deep enough; bottoms of pipe were cut off; and the proper amount of cement was not used; that defendant was required to dig additional holes; put in new posts; lay the fence down and re-erect it; and was required to restretch the fence; that the items already paid, together with those that remained to be paid, would amount to $5,000; that all the items stated were caused by the deliberate intent of plaintiffs.

The cross petition prayed for judgment in the amount of $5,000 against plaintiffs.

The action was tried by the court without a jury. The court found the plaintiffs were not entitled to recover from the defendant and defendant was entitled to recover from them in the amount of $3,132.50.

Plaintiff filed a motion for a new trial on the grounds of misconduct of defendant and cross petitioner; erroneous rulings of the court; the decision was contrary to the evidence; newly discovered evidence; decision procured by corruption of defendant; accident and surprise; and plaintiffs not afforded a reasonable opportunity. This motion was overruled and judgment was entered according to the trial court's decision.

The specifications of error are the trial court erred in overruling plaintiffs' motion for a new trial and in the judgment entered.

Notwithstanding the seven grounds upon which the motion for a new trial was filed, the only one argued is that the decision was contrary to the evidence. Plaintiffs do not favor us with any authorities. They ask us to retry the issue on the evidence. When there is substantial evidence to sustain the findings of a trial court we will not disturb them. We do not find it necessary to set the evidence out here in detail. As the issues were finally drawn, the plaintiffs alleged they were to be paid the costs of the merchandise and labor plus fifteen percent. The defendant claimed false statements as to amounts and prices and damages on account of being compelled to rebuild the fence. From this record we cannot say upon which of these issues the trial court found for the defendant. The issues were submitted to the trial court and no special findings of fact were requested or made. There was some evidence to sustain the trial court's conclusion on all the issues. Where no request for detailed findings is made, the general finding of the trial court is presumed to be for the prevailing party on all the issues. We find no error in this record.

The judgment of the trial court is affirmed.